Madam Clerk, will you please call the first case? 17-277 Richard McNicki v. Kurowski Okay, I'd like the attorneys to step up to the podium. I want you to tell me your name, who you represent, and approximately how long your argument will take. I want the appellant to go first. Good morning, Counsel. Good morning, Your Honor. Alexander Lockerbauer-Lent on behalf of the appellant. And in regards to argument, approximately 15 minutes. All right. Lockerbauer? Lockerbauer-Lent. Lockerbauer. Lent. With a hyphen. With a hyphen, Lent. Lockerbauer-Lent with a hyphen. Lockerbauer-Lent. Okay, very good, sir. Thank you. Okay, good morning, Counsel. Good morning, Your Honor. My name is Glenn Dunn, D-U-N-N, no hyphens. No hyphens. And I represent the appellate, Matiush Kurowski. Very good. My argument will be less than 15 minutes, Your Honor. Very good. Okay, Mr. Lockerbauer-Lent, why don't you proceed with your argument? Thank you. Thank you. May it please the Court. This is a case of where the Court violated every accepted canons of statutory construction to arrive at its decision of an award of $339,000 in a case regarding the buyout of a minority shareholder in a closely held family corporation. And beginning from that point, in regards to statutory construction, statutes are to be construed strictly and in accordance with the intent of the legislature. The Court did not follow that. Additionally, since this was an attorney fee award case, the American Rule also comes into application in this case, which, according to the American Rule, every party is responsible for its own attorney's fees. And in adding those two things together, the statutes in derogation of the American Rule should be specifically strictly construed to give the meaning of the legislature and, as well, to give meaning to the statute itself that would arrive at an award of attorney's fees at that point. So going to this case, the Court applied very expansive, in our opinion, interpretation of Section 1260J of the Illinois Business Corporation Act. Doesn't that act provide for attorney's fees cuts? That section of the Business Corporation Act? Yes, it does, in very specific situations. And that situation is? If you look at the language of the statute itself, it provides three essential elements for that statute of when attorney's fees are applicable. That's when the party has acted in bad faith, vexatiously, or arbitrarily. Those are the first issues of that statute. Secondly, if you look at the placement of that provision in the entire act itself, which is Section 1260, titled Practice and Proceedings under Sections 1250, 1255, and 1256, and if you read the entire act in its entirety, the placement of that provision in that specific section and the other provisions in that section clearly denotes that that is vexatious, bad faith, and arbitrary behavior in the Practice and Proceedings under Sections 1250, 1255, and 1256. If you read it that way, then what's the difference between 1260J and Supreme Court Rule 137? The difference in this case? Well, just generally, because under 137, if you have a bad faith pleading, which is absolutely not in good faith, it's vexatious, and you sign it, you get penalized for that unless they sanction you. If it's in the proceeding itself, if that's it, then it's duplicative of what's already available. Well, I'd like to respond in two issues in that. First is the codification of the Supreme Court Rule. No, it isn't. Where has that ever been set? I mean, there's nothing in the legislative history. I mean, where is it? No, no, I'm saying as a remedy, as a remedy for that. Well, then we need the codification. I mean, we're not supposed to read, if we can avoid it, we're not supposed to read statutes as duplicating what's already there. So you're telling us we should duplicate. Because it's not referenced in this section. I'm sorry? Rule 137 is in reference to you. No, no, I'm not saying that it is, that the intent of the legislature was to provide it as a codification of 137. Its effects are similar to a codification of 137. That's one part. Two, it's also expansive of that because it's not only in regards to pleading, it's also to actions and behavior of the parties, specifically in that sort of action. So it's not just pleading, it's not just filing. It's the entirety of their behavior, actions, as stated in proceedings under 1250, 1255, and 1256. Well, but it doesn't say that they have to be acted. The active part comes before the arbitrary, vexatious, or otherwise not in good faith. So I don't see how you can read the proceeding in there when the words proceeding, incurred in the proceeding, are at the end. If they meant what you said, then the incurred in the proceeding would have been a phrase that they would have included at the beginning of the sentence, not at the end. Because as it stands now, that comma, incurred in the proceeding, would apply to including counsel fees and expenses of appraisers or other experts. It wouldn't modify. I'm not sure. So you're saying it has to be incurred in the proceedings. The actions has to be correct. Correct. But the words incurred in the proceedings follow the including counsel fees and expenses of appraisers or other experts incurred in the proceedings, comma incurred in the proceedings. So the words incurred in the proceedings modify the award. It has nothing to do with the actions. I understand what Your Honor is saying, but that's not what I'm saying. I know what you're saying, but I'm just reading the words. I understand what Your Honor is saying. I'm just, that, I agree with Your Honor, that modifier, incurred in the proceedings, and that would be in regards to the fees outside the proceedings, those fees incurred in those proceedings. That's correct. But in regards to, that a party to any proceedings, so a party in this sort of proceeding has acted arbitrarily, vexatiously, or not in good faith. Within those proceedings, again, and if you go back to the title of the section, it's practiced in such proceedings as 1250, 1255, 1256. No, but again, you're putting the word acted in front of proceeding rather than after proceeding. So what you're saying is it has to be a party to a 1250, 1255, or 1256 case, right? Correct. And within that proceeding. It doesn't say that. It doesn't say that. You're putting the word within. Yeah. I mean, we'd have to add a phrase to the legislation. Because that within, incurred in the proceeding, those words are after a semicolon and after the word and. And the legislature could easily have put them, there are three sections to this, three parts of this section, and the legislature could easily have said a party must have engaged in actions that were arbitrary, vexation or otherwise, not in good faith. In this action, in this proceeding, they didn't do that. You're asking us to put it in there. I'm not asking you, Your Honor, to put that in there. Again, if you, two issues. If you look at the entire section itself, beginning with the title of 1260, it's practiced in actions under 1250, 1255, 1256. Also, you and I both know the title doesn't control. I understand that. But it does denote to a certain instant the. It doesn't denote anything except somebody wrote a title. And where it is in the rest of the statute. But the title isn't what's going to make your case here. It's not controlled. I'm sorry? It's not controlled. So? It's the language of the statute. Let's just stick to the words of the statute. Why should we add language to the second part of the statute? I'm not proposing that. Well, I'm proposing adding back the words. What you're saying is the 1995 amendments. Correct. You're saying basically they haven't changed it. Correct. And I'm trying to understand that because the legislature took words out. They didn't put them back in. And they had a case that might, you know, a case that they were aware of. We find that they were aware of it because it was a case that was decided beforehand. And the result of that case would have been different had the statute not read the way it read at that time. So why should we ignore the amendment? I mean, if the amendment was taking out the language in the proceedings and then you're saying, well, let's put it back in, then the amendment means nothing. Well, in regards to the amendment, the amendment moved the entire section out of 1255. We're not talking about where it's placed. More important than where it's placed is the words of the statute. Do you agree with that? I agree with that. Okay. However, I believe that since the original fee, attorney fee, were just specifically for 1255 actions. That was what it was originally before the amendments. The amendments essentially added remedies, amongst other things, added remedies for closely held corporations and for non-shareholders. That was a lot of what the amendments were added. So instead of the legislature having an attorney's fee section in 1255, 1256, 1250, each individual which is what essentially it was before because it was just 1255, it added a catch-all provision which was 1260 in the government procedure in general in these actions, as well as when the party has acted vexatiously, arbitrarily, or not in good faith within those proceedings. But your argument that you just made does not take into account the fact that they struck the language in such action or in connection with any alternative relief provided in this section. Otherwise, it's pretty much identical. Pretty much, I wouldn't say identical. I understand. And it's my opinion, at least at this point, that that language in these proceedings, when reading not this in the original provision, the 1255H provision, that language is struck in these proceedings. That language was no longer necessary by the placement of this in the catch-all procedural statute or provision 1260. That's my argument. So your argument has to do with the placement rather than the language of the dechiritsa. I believe that the placement should trump our analysis of the words of the statute. Well, I believe that the language and the statute as a whole, when it's read, should be taken into consideration together. And it shows a certain consistency in the behavior of the legislature, that it was specifically in those proceedings when they added sections, when they added remedies for 1255, 1256, I mean 1250 and 1256, they carried over that without, essentially, any changes into a section that was strictly for procedure within those sections. And that, again, 1260 is my argument that it's in regards to structure and to placement of it. The general directions for the court how to behave in appointing a receiver, moving parties, how publication, et cetera, and the specific practice provisions. Similar to what Your Honor earlier said with Rule 137, that's essentially a practice provision of not filing for those filings, et cetera. So it's a practice provision as opposed to a indemnification clause. Why would that be hidden in a procedural provision? Well, I agree. It's not an indemnification clause. But as in a remedy, as in that if they were wrong. But it's not a remedy. It's an addition to the remedy in that, like you said, it's against American rule and the availability of attorney fees are there if the court. So in this case, you had a jury and then you had a court making a determination. So the court has to make a determination here that's separate and apart from the remedy. Correct. And the court was faced with a couple allegations of discovery violations. Is that correct? Correct. But those were never addressed. There was never an order entered in that regard. They were just motions filed in that case. There was never a dispositive order on that, on the issue of discovery. There were motions filed before. This is in the law division part of this case. That's correct. So if you were going to describe, let me correct this, describe to us then what a judge, trial judge would do to determine if the A party acted arbitrarily, if it's facious or not in good faith. What is the, what is the judge looking for? For example, just explain to me in my understanding. It's in your understanding. All right. For example, if the action was brought by the corporation itself against a party to, let's say a minority shareholder in that regard, to punish them, to exhaust them of resources, essentially using the process as a weapon against them. That's one case. Another case, if the parties within the proceeding use the clout as a corporation hypothetically or as the majority shareholders were using it within the proceedings, discovery costs, attorney's fees, I mean attorneys as a method of oppressing them further, using essentially the proceedings as a weapon. And then, I'm sorry, and then back in regards to that, if you look at the specific language, the bad faith, facious, arbitrary, those are usually terms, not always, but usually terms used to, to the purpose of pleadings or the purpose of behavior, as opposed to the elements of actions described in sections 1250, 1256, 1255, which are usually about oppressive, fraud, and behavior in that category, as opposed to adjectives describing what are usually used to describe pleadings. When the trial judge gave the jury an adverse inference instruction because the work schedules couldn't be produced, isn't that in effect a finding by the judge that in these law division proceedings, there was vexatious behavior? Perhaps, but then the judge himself in his point of view. It's a jury case, so they're the finders of that. Correct, I understand. But then the judge in his rather lengthy explanation for the decision, the April 1st order, clearly stated that he found nothing. If I, one moment. Just so I'm not making up language. So the first thing is he did give the adverse inference instruction? Correct. And that's what the jury was operating on? Yes. Okay. But then the court said the court does not find in presenting over the law division jury case illegality, vexatious or otherwise arbitrary conduct in bad faith in these proceedings. That was on the first page of the order that alerted the attorney's fees. So either the court contradicted itself or that was its ultimate finding, its own finding, that there was not behavior within these law division proceedings that was that, well, it actually meets all the elements. So vexatious, arbitrary, and non-bad faith. So he didn't find that in the law division proceedings. He said that in his own order. And then what I'm arguing just in regards to what Justice Hahn was saying, the court on the second page of that same order says the court can and will consider actions related which were vexatious. So going outside of the proceedings, going outside of the parties' behavior within the proceedings, it looked at in general what happened. And I'm not arguing that the parties were good shareholders or good business partners in regard outside of that. That was for the jury to decide. The jury decided they were not raising that as an issue. It's just specifically within the proceedings, the parties didn't meet the requirements for 1260J. There were a couple different judges in this law division case, right? In the law division, it began originally before a different judge, but it was in its entirety tried before Judge Flanagan. Judge McGrath handled the discovery? Portions of it, yes. Judge McGrath ordered monetary sanctions to compel the production of business and financial records? I believe so. That would have been available to Judge Flanagan? I believe so. I believe so, yes. That would have been within these proceedings? So according to your definition, that behavior was within, even if we brought your definition of what this section means, which I'm not saying we do, the discovery violations and the threat of discovery sanctions would clearly have been within this law division case. And it would have been known. Counsel, you've got to say yes or no. Yes. I apologize. Okay. Thank you. Your reply brief does not talk about the attorney fee issue, that being the amount of the attorney fees, right? You only discussed the issue of the statute. Correct. Okay. So are you conceding that the arguments made by the appellee regarding attorney fees are correct? No. No, I am not. You didn't give us, you didn't respond to it? I felt that they stood on their own as stated in the original appellant's brief. Would you like me to address that issue? Well, you're standing on your opening brief with regard to the issues. Correct. Okay. Why don't you bring your argument to a conclusion so we can hear from Mr. Dunn? Thank you, Your Honor. Just very briefly, and just to try to bring that all together, as I said earlier, the statute should be strictly construed within the intent of the legislature. If you look at the intent of the legislature throughout this section and the legislative history of itself, you go back to the original provision, 1255H, which was specifically to these proceedings. That was amended in 1995 with the addition of remedies for remedies brought under 1250 and 1256, and that was all placed in the catch-all practice provision 1260 with the attorney's fees were placed under that. And then just one very last thing, if I could bring to your attention. The court can look at committee comments in regards to what was originally intended by that provision, and despite that provision never stating there was initiating in that provision, the official comments for 1255H, which according to me was carried over in 1260, stated that it was there for parties initiating actions that were arbitrarily bad faith and vexatious, as opposed to within the proceedings, et cetera. So it even underlines the meaning of those three words, which are usually tied to pleadings themselves and actions initiated in case of bad faith, acting in bad faith, vexatious litigation, and arbitrary actions. So in that regard. So just not to prolong this any longer, I'm asking the court today to reverse the decision and abide by the circuit court of Cook County awarding fees of $339,000. Thank you. Thank you, counsel. Thank you. May it please the court, Your Honor. Thank you for giving me some time to address what opposing counsel has said. We have concerns both on the statutory construction and on the argument relating to the fees. I don't need to remind this court what the cardinal rule of statutory construction is. And here it appears from our observations as the appellees that perhaps the appellants have suggested a construction of 1260J that may be an error. I don't think they did. Well, it may be a wrong construction. How about that? And what the court does is to, as the Supreme Court has directed, not depart from the statute's plain language in reading into it exceptions or limitations or conditions that the legislature did not express. I think Your Honor questioned appellant's counsel regarding the removal of the language in such action. The appellants have relied on the case of Abru, which construed the attorney fee clause that was part of the 1255H, 1255 being the actions for public corporation shareholders, 1256 being the shareholder actions for privately or closely held corporations, 1250 being the clause that allows for non-shareholder actions. When the legislature amended the Business Corporations Act in 1995, they removed that clause from 1255H and they inserted 1260J, broadening the award or the potential for award of attorney's fees and costs for vexatious or arbitrary or bad faith conduct. Well, let's talk about that. So it says the word acted, not conduct, but uses the word acted. Yes. That's a past tense that a party did so act arbitrarily, vexatious or otherwise not in good faith. So you're the judge, trial judge. How do you make that determination? What would you say to the trial judge as to how he or she should determine, since the court is to make that determination, not the jury? I think that the court looks to two things. And ABRU actually helps clarify Your Honor's question. In the ABRU case, when they were considering the incest action language that was removed, they said, and I'm quoting from page 451, where the trial court stated the felon defendants were guilty of, quote, self-serving misdeeds and breaches of fiduciary duty, end quote. Within the context of the evidence presented during the case, it did not properly base its award of attorney's fees upon defendants' actions within the course of the litigation process itself. And in parentheses, they quote, in such action, the language that was removed. And if that language has been removed by the legislature, our suggestion is that they've now expanded that inquiry not only to the conduct of the parties in the litigation itself, but beyond in terms of the conduct giving rise to the case itself. And the unique thing about this case is that in this case, the conduct of the parties giving rise to the lawsuit, as well as the conduct of the opponents' parties during the litigation, both provide a foundation for arbitrary, vexatious, or bad faith conduct. So let's, for purpose of argument, accept that. The next question then is, doesn't the court have to make a finding? Nowhere in the statute does it say that they're required to make a finding. No, if they don't make a finding, on what basis? I mean, they just can't episode back. They'll say, well, there's vexatiousness here. There's nothing that's not in good faith. There has to be a basis. To address your question, in the two orders that were entered by Judge Flanagan in this case, the initial order where he denied, and then the second order where he reverses himself on a motion to reconsider, and then he grants the fees, I think an important thing to remember in the context of this case is that Judge Flanagan ruled by mail. So he had accepted all the briefs and then ruled by mail, which is why those stamps are the same day. Okay, but whether he ruled by mail or not, they're relevant for purposes of whether we're an appellate court. We're sitting. This is going to be a precedent because this is an issue of first impression. It can be a precedent for other cases that are similar to this. And we need to make sure that the lawyers and the judges know how to proceed. So how does a judge and how do the lawyers proceed for purposes of court finding the actions were not in good faith? I think that Judge Flanagan in his order, if I can just skip ahead in my notes to where I address that. Judge Flanagan referenced both conduct of the parties leading up, giving rise to the case, as well as conduct in the litigation. He specifically recognized discovery misconduct. That's in the second page of his order. If I believe that's in our appendix. He specifically, in the first page, says this trial court does not, and we underline the word not, in proceeding over the Law Division jury case, illegally, vexatious, otherwise arbitrary conduct in a bad faith in this proceeding. That's a finding. He's making a finding. And in another word, he makes another finding. I think as Her Honor mentioned during her comments, Judge Flanagan was only the trial judge. It seems to me, and I'm simply suggesting this, that he says, I don't find any conduct like that in the trial. He then goes and talks to Judge McGrath, who presided over the discovery proceedings. Did he talk to Judge McGrath? Okay. I'm just reading his two orders here. Okay. He says in his order, the trial court does not find presiding over the Law Division jury case illegal. Counselor, are you reading this? I apologize. I'm reading from appendix page three. Okay. We typed the handwritten order of Judge Flanagan. No problem. In the middle of the second paragraph on appendix page three, Judge Flanagan states, the trial court does not find any presiding over the Law Division jury case, illegality, vexatious, otherwise arbitrary conduct in a bad faith in this proceeding. He says the court cannot verify the resistance by counter defendants in noncompliance rediscovery. Counter plaintiffs argue the Petition was based on 60-J. This applies to section 1250, 1255, and 1256. The action need not be at trial. And then on the second page of the order, which in the handwritten order, as you can see, there's a page one and a page two in the bottom right-hand corner. It says, which does not require off-term actions vexatiously or actions in the legal proceeding. And then he references a supplemental motion to reconsider. And counter plaintiff urges the court to cease reliance on abru. And abru said it has to be in such action. And here, in the actions of the parties giving rise to the case, in other words, squeezing Mr. Kowalski out by refusing to accept rent. No, I understand, but we have to follow what the court ordered. That's what we had before us. And the order, the only finding he makes is the one you read where you use the word finding. After that, he says he doesn't want to retry the case. And so the court can and will consider the actions related, which were vexatious, not in good faith. But we don't know what those actions were. There's no finding that what those actions consist of. In fact, we could assume, all we know is that he denied the petition for fees, vacated as to that particular ruling, and then he said he was studying the billing slips. But doesn't he have to make a specific finding in this case if you? Let me add one other thing. Sure. It doesn't matter that he was not the pretrial judge. The fact is, at the trial, I assume you did put out evidence with regard to the contact between the parties. Right. Because it's all relevant. Right. It's all there. I understand. And you won't. And I understand that. But that's different than a finding with regard to the court needs to make. It's different than the finding or the ruling that the jury needs to make. And I'm saying that the judge didn't make any specific finding in his order. Let me address that. And then I, Your Honor, address what was in the record. And I would respectfully suggest to the Court that in the record at Supplemental C-22 to 23, as well as Supplemental C-169, there is a very detailed record of the arbitrary vexatious and bad faith conduct that was laid out by the Court. Separately, if we look at the second order where Judge Flanagan? Counsel, you've got to refer to a page. Sure. I'm referring to Supplemental C-219. It is the second order of April 1st, entered by Judge Flanagan. Where he says, having now reviewed the 93 pages of billing slips of the fee petition and the history of the LLC, meetings, and the partition suit, and the actions concerning discovery conduct to the interpretation of the count of plaintiffs, he now makes his ruling. In that order, and I have a copy here in case Your Honors can't find it, but that order, again, he entered two orders that day. Right. But you just referenced C-169? C-219. Supplemental C-219. Oh. You're referencing the orders you talked about before. Correct, Your Honor. There's no findings in there. The only finding is the one about the not finding. He presided over a trial, and he said, I do not find illegal, imitation, otherwise arbitrary conduct in bad faith in this proceeding. And he then goes on to say, well, I know what this proceeding means, because it doesn't mean what Abu said. Right. It means, when he actually says it, it says the action need not be at trial. So he knows that. And so, if I take into account the very words of Judge Hughes, he says, I know it's beyond the trial. And I defined it. What, were you supposed to ignore that? No, I don't think you're supposed to ignore it, Your Honor. I think that in this second order, again, supplemental C-219, I believe that he does reference specific conduct and make findings to justify his order of the sanctions under 1260. Where is that? I haven't found it. Here, if you read, and again, I know the handwriting is difficult for you, but I believe that it states, having now reviewed the 93 pages of billing slips of the fee petition of defendants, I've found that plaintiffs take thoughtful consideration of the history of the LLC, which is conduct outside of the litigation, meetings, the shareholder meetings. I understand. But these are two separate orders, you conceded. Yes. And they are the same day. Okay. So the first one has to do with his finding. The second one has to do with the billing slips. He said prior order denying petition for fees is vacated as to that particular ruling. The court will further study the list of billing slips to write out an amount. So the purpose of what you're reading is only with regard to the amount. And, again, he's having reviewed the billing slips and taking into consideration everything. That doesn't say that he's making a finding. What he then does is award 100 percent of the fees. How do you explain that? The only way that I view this order, Your Honor, is that I see that Judge Felden only considered the trial, and making his affirmative finding in the first order, which is, just to give the correct page number, it's A3 to A4 of our appendix. And he says that he specifically says he cannot verify the resistance by counter defendants Richard and Zabega, who are the appellants, and noncompliance rediscovery. But that was wrong. He was wrong on all that. That isn't the issue. The issue is in discovery and so forth. And there's no other question. Vincencio, he says the fees in the case are within bounds of a Vincencio case. Do you know what that case stands for? I have read that case, Your Honor. I have too. How does that relate to this case? I think, with respect to the order, I think there's a reason why neither the appellants or the appellees referred to it in their briefing. I do believe, however, that Justice Garmon, in the Vincencio case, talked about the entry of sanctions or the entry of attorney's fees should be strictly construed because they're derogation. However, when defending the court, when it's defending the court's ability to regulate its docket or to regulate the conduct of the parties, like this Section 1260J does, in terms of parties who disobey orders, have sanctions entered against them, act vexatiously. It's a generous reading. Maybe, Your Honor, maybe. But I do believe it's there. I do believe Justice Garmon said that. Well, it has nothing to do with the case. I mean, if anything, it's dicta. But maybe that's what he was referring to. Is it possible – first of all, is it possible that from what we see in the record, Judge McGrath apparently handled the discovery up until the time it was actually a jury trial? Correct. And Judge McGrath clearly had some issues with discovery. Correct. And so when I looked at these two orders, even though they were entered on the same day, I thought to myself, okay, well, Judge Flanding is saying, look, you know, I didn't have any problem with these guys during the trial in front of me. But when I'm looking at the billing record, I have to look at bills that were entered for stuff that had to deal with the discovery problems that we're having in front of Judge McGrath, and I went back and checked the stuff from the LLC, the meetings, the discovery problems, and, yeah, I'm going to award this whole attorney's fee. So I looked at it as him saying, in my court, I didn't see this, but I look at the billing records and I see why a bill was charged for this activity relating to this behavior, and that's okay with me. I can agree with that bill. That's how I looked at it. Even though if the orders were perhaps a little more detailed, maybe not entered on the same day, maybe they'd be less confusing, but I can still see how the two can be consistent. That is more articulate than I was able to say it, but that's what I'm suggesting, Your Honor, is that when he went back and reviewed the entire 93-page essential history of the case from the billing records, he saw what he could not verify, which is his language in the first page of the first order. I can't verify. Judge Flanagan says, I can't verify. They're saying that they didn't engage in discovery conduct. They're saying that they didn't act vexatiously. And then when he goes and sees the 93-page billing history of the file and he sees what happened in front of Judge McGrath, that absolutely is, that's conduct within the proceeding that justified the entry of sanctions, which is why he talks. It's still the same case, the same law division case. Correct. The discovery violations in front of Judge McGrath wouldn't be in the Chancery case, the Partition case. They were in the law division case. It's important to note, though, that my client filed his counterclaim in the Partition case in Chancery. His counterclaim was filed and then it was sent to the law division, the Partition. They were litigating. He had filed several complaints. They had taken depositions. That's in the pages that I referred you to, Supplemental C22-23. It details everything that happened while the Partition case was still going and then all the rest that happened after the Partition case was closed. So they were following the same tracks. And the counterclaim was active and first filed with the Partition case. So they're all together. Now, let me tell you what concerns me. Do you agree that in order for a court to award attorney's fees, the court must find that a party to the proceeding has acted arbitrarily, vexatiously, or otherwise not in good faith? Do you agree with that, that that's a conditioned proceeding to awarding attorney's fees? I think that is the plain language of the statute. Okay. Now, but the trial court in this area says it does not find in presiding over the law division jury case illegality, vexatious, otherwise arbitrary conduct in bad faith in this proceeding. And when it goes on to award attorney's fees, it seems to be a little inconsistent to me. And if you must make that finding before you award fees, what is it done in this case? I think, Your Honor, is that perhaps Judge Flanagan was not artful in how he drafted his orders. But I do believe that he did not use the language that Your Honor suggested in this proceeding. He said, I did not find presiding over the law division jury case, which is all that he did. And I think to Your Honor's point that he was sitting as the trial judge,  He did not have the benefit of knowing the entire history of the case as conducting the jury trial with these partners. He did not have the benefit of knowing the entire history of the case. And no, he could have. But he was assigned to him for trial. But is that relevant? Why would that matter? Because he sat at the jury. Now, the fact is that the statute would require the judge who tries the case to make that determination. Whether you hear discovery or not is not relevant. And you're supposing, you know, what that means. We all are supposing, like you said, it's not very articulate. But since we don't know, and how is it, how do we make that determination when the words he does use say just the opposite? Well, I think there are two things that are very important to that point, Your Honor. One, that if you look simply within the proceeding, which I respectfully suggest is no longer a requirement since the legislature amended the act in 1994. And here Judge Flanagan had the confidence to stand behind the jury verdict, which assessed punitive damages against the parties here. So they made, the jury made a factual finding of vexatious and arbitrary conduct against these parties in their verdict. And I think that that's what perhaps gave Judge Flanagan the confidence, because the jury verdict was consistent with his finding, to award the 1260J sanctions or attorneys' fees. And I do believe, although it's not artful, that he does make those findings. If you look at the second page of Appendix 4 of that order, he says the court can and will consider the actions related, which were vexatious. And he had, right above it, he says counter plaintiffs urged the court to cease reliance on Abu. And Abu had limited his consideration to just within the proceeding. So if he looks outside of it, he can look to the jury verdict, assessing punitive damages and finding intentional conduct against the parties. And says, this is where my decision lies. And after he looks at the billing records, he makes further findings in his second order, where he says, well, yeah, I see. Not only do I see conduct of the party that was vexatious, arbitrary, and in bad faith that gave rise to the lawsuit, but now I see, before Judge McGrath, that this is exactly the type of conduct. One of the things that, if I can back up for one moment, one of the reasons that this statute exists, or the primary reason, is that this is exactly the type of conduct that this clause is meant to address. The court is allowed to consider the reason for the law, the problems of the legislature sought to remedy by enacting a new language, the purposes to be achieved, and the consequences of construing it one way or the other. And here, it's exactly this type of oppressive conduct that McEnicky and Zabegnew had engaged against my client, both when he was running Kurowski's Sausage Shop and during the litigation itself. It's both sides. And in considering that, this Court is allowed to look at that and say, this is exactly the type of conduct that it was enacted to address. Mr. Dunn, bring your argument to a conclusion. Indeed, the last thing I'd like to conclude with is that each one of 1250, 1255, and 1256 were also amended in 1995 with similar language that granted the court the discretion and ability to enter other legal and equitable remedies, which is an argument that they've stated was not consistent with the statute. And here, if you take what the legislature said, both on the Senate floor and on the House floor, it was, I think, Senator Barkowzel and Representative Biggert in the House. They both talked about new remedies in addition to what was available under 56. And I know that the Court's primary consideration here is the findings. The plain language of the statute does not require that the trial judge make explicit findings in his order, although I agree that as a matter of practice and for a review in court, that is the ideal situation for you to understand how to make your ruling. However, in this case, although it was not artful or articulate, I do believe Judge Flanagan made those findings and referred to the conduct that was necessary in order for him to enter bonus sanctions of attorney's fees, both in his first order and his second order. And I think that's enough for this Court to affirm his decision. And very briefly on the issue of fees, I didn't see any argument in response to opposition in the reply brief. And I do believe that's an abuse of discretion. And when Judge Flanagan, in his second order, says, after careful consideration of the 93 pages of bills and the extensive pattern of vexatious and bad faith conduct that the parties demonstrated in their case, that he thought that all of the attorney's fees and costs were necessary to be awarded. I thank you very much. Can you ask the Court to affirm the award of attorney's fees? Yes, Your Honor. Thank you, Mr. Dunn. Mr. Lockhart, Bower, and Lynn, some brief rebuttal? Brief counsel. All right. At the end of the opposed argument in regards to findings and lack of findings in this, the opposed counsel proposed that since the jury found wrongdoing, that was tantamount to a court finding, that being tantamount to a court finding of bad faith, vexatiousness, or arbitrariness in their behavior. If we go down that route of reasoning without the Court making a specific finding, then that goes outside of the provisions of that section itself, 1260J, which requires a Court that finds that parties acted in this manner. It can't award it as discretion fees. And so at this point, if we were to accept the argument of the appellee, it comes down to a jury essentially being able to make that decision. If we were to stand on this order, this judgment, and that interpretation of statute. And then I'd also like to address, there really isn't anywhere in the record that states that Judge Flanagan consulted with Judge McGrath or in any other regard. He was responsible for hearing the Petition. He was responsible for reviewing what happened. He really did have, especially since he says there was no finding in the jury case, he really had the best opportunity to hear the evidence, hear the case, hear the argument. And he states in his that he did not find the parties to have acted arbitrarily vexatiously or otherwise in bad faith. Later on, he fails to make the finding and then awards those fees regardless of that, which in my opinion is outside of 1260J. And if we were to accept my argument of the legislative history, how 1260J found itself in today's act, going back through its history to 1255H, the way it was amended, it clearly is about actions and practice within proceedings under 1250, 1255, 1256. That's all. Thank you. Thank you very much. Mr. Lockerbauer, Lynn, and Mr. Dunn, the Court, you can have a seat, Kelly. The Court would like to thank the two of you for presenting the Court with this case of first impression. We'd like to thank you for your briefs and your argument. This matter is going to be taken under advisement and this Court is going to take a short recess.